# EXHIBIT A

Print Form  Clear Form

## SUMMONS

| | |
|---|---|
| Attorney(s) | STATHIS & LEONARDIS LLC |
| Office Address | NICHOLAS J. LEONARDIS #009651992 |
| | 32 SO MAIN STREET |
| Town, State, Zip Code | EDISON NJ 08837 |
| Telephone Number | (732) 494-0600 |
| Attorney(s) for Plaintiff | File: 19-4651NJL |

BETH STAFFIN, etc.,

Plaintiff(s)

Vs.

THE STOP & SHOP SUPERMARKET COMPANY LLC, etc., et al,

Defendant(s)

# Superior Court of New Jersey

Middlesex COUNTY

Law DIVISION

Docket No: MID L 001081-21

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk of the Superior Court

DATED: 02/22/2021

Name of Defendant to Be Served: THE STOP & SHOP SUPERMARKET COMPANY LLC c/o Corp Service Company, 830 Bear Tavern Rd., W Trenton NJ 08628; STOP & SHOP #0802 c/o General Manager, 3333 State Hwy 27, Franklin Park NJ

STATHIS & LEONARDIS LLC
32 South Main Street
Edison, New Jersey 08837
(732) 494-0600 File No.: 29-4651NJL
Attorney for Plaintiff, Beth Staffin
Nicholas J. Leonardis ID # 009651992

| | |
|---|---|
| **BETH STAFFIN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE STOP & SHOP SUPERMARKET COMPANY LLC,** a foreign limited liability company doing business in the State of New Jersey as Super Stop & Shop/Stop & Shop; **SUPER STOP & SHOP #0802,** a business entity; **JOHN DOES 1-10**, ficti tiously named individuals; and, **ABC COS. 1-10** fictitiously named business entities,<br><br>Defendants. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION – MDDLESEX COUNTY<br>: DOCKET NO.<br>:<br>:<br>: *Civil Action*<br>:<br>: COMPLAINT & JURY DEMAND<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff, Beth Staffin, residing at 212 Kendall Road, Kendall Park, Middlesex County, New Jersey, by way Complaint against the within named Defendants does say:--

### THE PARTIES

1. Defendant, The Stop & Shop Supermarket Company LLC is a foreign limited liability company authorized to do business within the State of New Jersey, and owns, operates, controls, manages, and maintains numerous supermarkets throughout the State of New Jersey, and Middlesex County, including Stores #0803 and #0859 in Edison; Store #0867 in Highland Park; Store #0897 in Piscataway; Store #2809 in East Brunswick; Store #0818 in

Dayton, and Store #0841 in Monmouth Junction.

2. Defendant, Super Stop & Shop #0802 is a supermarket under which Defendant The Stop & Shop Supermarket Company LLC does business in the State of New Jersey, and is located 3333 Route 27, Franklin Park, Somerset County, New Jersey. Hereinafter these Defendants shall be collectively referred to as "Stop & Shop."

3. Defendants, John Does 1-3 and ABC Cos. 1-3 represent fictitious entities who, either individually, and/or together with Stop & Shop, have an ownership interest in the supermarket business located above, and/or are responsible for the management of same.

4. Defendants, John Does 4-6 and ABC Cos. 4-6 represent fictitious entities who, either solely and/or together with defendants aforesaid, individually, and/or as servants, agents and/or employees of the aforesaid defendants, were responsible for the maintenance, inspection, cleaning, supervision, control, management and general maintenance and repair of the supermarket in question, and more particularly the aisles and floors located within the premises commonly known as Super Stop & Shop #0802, 3333 Route 27, Franklin Park, Somerset County, New Jersey.

5. Defendants, John Does 7-8 and ABC Cos. 7-8 represent fictitious individuals and/or entities solely and/or together with defendants aforesaid, individually and/or as servants, agents and/or employees of the aforesaid defendants, were responsible for the training of personnel employed by defendants for purposes of cleaning, management and general maintenance within the store and/or for the implementation of policies and procedures to insure the store and its aisles and floors located therein were properly inspected, cleaned, maintained and free of any spills and/or debris posting a threat to any patrons of defendants' premises.

6. Plaintiff, Beth Staffin, was a business patron and invitee at the Super Stop & Shop #0802, 3333 Route 27, Franklin Park, Somerset County, New Jersey

## FIRST COUNT

7. On or about August 18, 2019, Plaintiff, Beth Staffin was a business patron and invitee at the Super Stop & Shop supermarket described above.

8. At the time and place aforesaid, the aforementioned defendants, Stop & Shop and/or John Does 1-3 and/or ABC Cos. 1-3, individually, and/or through their respective agents, servants and/or employees, John Does 4-6 and ABC Cos. 4-6, were careless, reckless, and negligent in their ownership, operation, control, management, servicing, maintenance, inspection, cleaning and/or repair of the Super Stop & Shop supermarket described above, and specifically, its aisles and floors located therein, such that liquid was allowed to exist on the flooring located at said premises which had leaked from a refrigerated display case, causing Plaintiff to slip and fall.

9. The aforementioned defendants, Stop & Shop and/or John Does 1-3 and/or ABC Cos. 1-3, individually, and/or through their respective agents, servants and/or employees, John Does 4-6 and/or ABC Cos. 4-6 negligent in failing to properly maintain, manage, repair, inspect, clean, supervise, control and/or service the premises in question, including but not limited to the aisles and floors at said premises, such that it allowed a dangerous and hazardous condition to exist on its premises, after the defendants knew or reasonably should have known of the presence of said dangerous and hazardous condition, to the detriment of all invitees, including the Plaintiff, Beth Staffin.

10. The above-referenced Defendants were also negligent in failing to properly warn business patrons and invitees, including the Plaintiff, Beth Staffin of the presence of said dangerous and hazardous condition.

10. As a direct and proximate result of the aforesaid carelessness and negligence of

the Defendants aforesaid, and the resulting fall, the Plaintiff, Beth Staffin was severely and permanently injured. She suffered great pain and mental anguish, required and will in the future require medical care and attention due to the permanent nature of the injuries he sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE**, Plaintiff, Beth Staffin demands judgment against the Defendants aforesaid, jointly and severally, for:

    a. Compensatory damages;
    b. Medical expenses;
    c. Reasonable attorney's fees;
    d. Interest and costs of suit; and,
    e. For such other relief as the Court may deem equitable and just.

### SECOND COUNT

11. Plaintiff, Beth Staffin, repeats and reiterates each of the allegations contained in the foregoing count, as though fully set forth at length herein.

12. The aforementioned Defendants, Stop & Shop and/or John Does 1-3 and/or ABC Cos. 1-3, individually, and/or through their respective agents, servants and/or employees, John Does 4-8 and/or ABC Cos 4-8 were jointly and severally careless, reckless, and negligent in their ownership, operation, control, maintenance, management, supervision, and securing of the premises, training and hiring of employees so as to insure that its premises, aisles and flooring were clean and free of any substances or debris posing a threat to its patrons, and failed to provide a safe environment in its store for patrons, and specifically, Plaintiff, Beth Staffin.

13. As a direct and proximate result of the aforesaid carelessness and negligence of the Defendants aforesaid, as well as the acts of its agents, servants and/or employees, as

aforesaid, Plaintiff, Beth Staffin was severely and permanently injured. She suffered great pain and mental anguish, required and will in the future require medical care and attention due to the permanent nature of the injuries she sustained, was and will in the future be compelled to expend large sums of money for said medical care and attention in an attempt to cure herself, and was and will in the future be prevented from engaging in her normal pursuits and daily activities.

**WHEREFORE**, Plaintiff, Beth Staffin demands judgment against the Defendants, aforesaid, jointly and severally, for:

    a. Compensatory damages;
    b. Medical expenses;
    c. Reasonable attorney's fees;
    d. Interest and costs of suit; and,
    e. For such other relief as the Court may deem equitable and just.

### THIRD COUNT

14. Defendants, John Does 9-10 and ABC Cos. 9-10, represent fictitiously named individuals and/or business entities that had any ownership and/or management interest in the premises in questions and/or who were responsible for the maintenance, inspection, supervision, control, management, and/or servicing of the premises in question and supervision and training of its employees and which in any way caused or contributed to the happening of the within incident. To date, the names of these individuals and/or entities are presently unknown to Plaintiff.

15. Plaintiff does hereby reserve the right to amend the within Complaint to implead the names of these individuals and/or entities should their identities become known and/or liability be revealed during the normal course of discovery.

**WHEREFORE**, Plaintiff, Beth Staffin demands judgment against the Defendants aforesaid, individually and severally, for:

a. Compensatory damages;
b. Medical expenses;
c. Reasonable attorney's fees;
d. Interest and costs of suit; and,
e. For such other relief as the Court may deem equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4: 25-4, Nicholas J. Leonardis, Esq. is hereby designated as trial counsel.

### DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 4:17-1, Plaintiff hereby demands Answers to Uniform Interrogatories Form C and C(2) and the attached Supplemental Interrogatories within sixty (60) days of the filing of Defendants' Answers to this Complaint.

### DEMAND FOR RESPONSES TO NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands documents in response to the Notice to Produce contained herein within fifty (50) days from the date of the filing of Defendants' Answers to this Complaint.

STATHIS & LEONARDIS LLC
Attorneys for Plaintiff

By: _____
NICHOLAS J. LEONARDIS

DATED: February 19, 2021

## CERTIFICATION

It is hereby certified that to the best, present knowledge of Counsel for Plaintiff, that the matter in controversy which is the subject of this litigation involving the named parties hereto, is not the subject matter of controversy in any other pending litigation or arbitration proceeding, and to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.

To the best of my knowledge, information and belief, there are no other parties to be joined in this action, and I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts herein.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
NICHOLAS J. LEONARDIS

DATED:   February 19, 2021

## SUPPLEMENTAL INTERROGATORIES

S1. State whether defendant or anyone on defendant's behalf has made or caused to be made any surveillance photographs, videotapes, movies or other recordings of the plaintiff since the date of the incident and if so, please state the date(s) upon which such surveillance photographs, videotapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, videotapes, movies or other recordings, what each surveillance photographs, videotapes, movies or other recordings depict. Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2. State whether this defendant occupied the premises where plaintiff's incident occurred as of the date of plaintiff's incident.

S3. If this defendant, did not own or occupy the premises where plaintiff's incident occurred as of the date of the plaintiff's incident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where plaintiff's incident occurred as of the date of plaintiff's incident.

S4. State whether this defendant conducted any business on the premises where plaintiff's incident occurred as of the date of plaintiff's incident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S5. State the names and addresses of any and all persons known to you or to your attorney who actually witnessed the incident complained of, or assisted the plaintiff(s) at the premises after the incident.

S6. State the names and addresses of the individual and/or entity who was in charge of the inspection, maintenance, supervision and in control of the area in question.

S7. State whether any inspections, testing, alterations, repairs, modifications, etc. were performed on the area in question within two (2) years prior to, or two (2) years subsequent to the incident in question. If so, please state the name and address of the individual and/or entity that performed said repairs or maintenance, and describe in detail, the repairs and/or maintenance performed and all results.

S8. State whether an incident report, photographs or videos were prepared in connection with the incident alleged in the Complaint. If so, attach a true copy of said incident report, photographs and videos.

S9. Were any inspections, care, maintenance, cleaning, etc. performed on or at the premises within thirty (30) days prior to, or thirty (30) days subsequent to the incident in question?

S10. If the answer to the preceding interrogatory is in the affirmative, please state the name, address and job title of the person who performed the inspections, care, maintenance, cleaning, etc., and attach true copies of all records and reports in regard to the inspections, care, maintenance, cleaning, etc.

## NOTICE TO PRODUCE

1. All records of maintenance, cleaning, and inspections for the period of 07/01/18-09/30/18.

2. Names and addresses of any and all employees present at the accident site on the date of the accident, their job title, and functions performed.

3. Any and all incident report concerning this accident.

4. Any and all video surveillance and/or photographs of the accident location for the one (1) hour period prior to, up, and through one (1) hour subsequent to the accident in question.

5. Names of any and all witnesses and people with knowledge of Plaintiff and/or Plaintiff's fall.

6. All police reports, incident reports, accident reports and/or other investigation report relating to the subject accident and/or injury.

7. All medical records, emergency room records, hospital records, medical reports, offices notes, chart notes, test results and other documents relating in any way to the injuries alleged by plaintiff as a result of the accident giving rise to the subject lawsuit.

8. All statements obtained from the party serving this Notice to Produce.

9. All statements obtained by any party from any other party to the within litigation.

10. All statements obtained by any party from any non-party witness.

11. All documents which reflect the name and address of each person from whom a statement was obtained, and any documents that reflect or relate in any way to the identity of the person present at the time of the taking of the statement and/or relating to the date on which the statement was taken.

12. **Prints** (not photocopies or emails) of all photographs, movies, videos or recordings of any kind which are alleged to be related in any way either to the accident, the injuries alleged by the plaintiff or any tangible object relevant to the litigation.

13. The amounts of any and all insurance coverage covering the defendant, including, but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

14. Each set of Interrogatories answered by any party to this litigation, and copies of all responses made to those Interrogatories, including amendments, attachments and supplements thereto.

15. The reports of all experts retained by any party to this litigation, whether or not provided in Answers to Interrogatories or by way of amendment thereto.

16. All documents obtained by any party pursuant to a medical authorization executed by the plaintiff.

17. A copy of any written statement and a transcription of any electronically recorded statement given <u>by any representative of defendant</u> to any insurance company, investigation company, insurance investigator, insurance adjuster, claims representative or any other representative of any insurance company, said statement relating to the incident which is the subject matter of this lawsuit.

18. Any film, videotape, movie, surveillance tape, photograph or recording depicting the plaintiff taken by, and/or at the direction of, and/or at the expense of either defendant and/or defendant's insurance carrier and/or defendant's attorneys, regardless whether defendant intends to introduce said films, videotape, etc. at trial depicting the accident location for one (1) hour prior to, up, and through one (1) hour subsequent to the accident in question.

19. Report, notes, diary, log, bills, invoices of any investigation and/or photographer retained by defendant and/or defendant's insurer and/or defendant's attorney to conduct surveillance on or of the plaintiff.

20. Copies of any and all purchase agreements, maintenance agreements and/or repair agreements entered into between this defendant and any other individual and/or entity responsible for the manufacturing, maintenance, repair, inspection, cleaning, supervision and/or control of the premises in question.

21. Copies of all maintenance, inspection, cleaning, repair and/or supervision records for the location where the accident occurred for the period thirty (30) days prior to, up, and through thirty (30) days subsequent to the accident in question.

22. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property involved in this incident and any other party involved in this matter.

23. Copies of any and all documentation concerning any lease agreements between the lesser and the lessee concerning the incident in question.

24. Copies of any and all documentation, including, but not limited to, safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect, or, otherwise relate to the incident in question or any potential defense to the action in question.

25. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or, anything else relevant to the happening of the accident in question.

26. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or, anything else relevant to the happening of the accident in question.

27. Copies of any and all reports on the plaintiff received by the defendants or any other party to this suit, from either Central Index Bureau (CIB) or from any other source.

28. Copies of any and all reports and/or other investigations performed by OSHA or any other investigative authority.

29. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

30. Copies of all written or recorded policies and procedures, and training materials of this defendant related to employee training, inspections, cleaning, and, supervision of this defendant's premises.

31. At least twenty-five (25) days prior to any and all independent medical examinations of Plaintiff scheduled by defense or on behalf of the defense by his/her attorney or carrier, provide to Plaintiff's counsel any and all intake forms that said examining doctor will require. Plaintiff reserves the right to audiotape the complete medical examination, including questioning by the doctor and/or his staff. Plaintiff further reserves the right to have a third person, as a representative of the Plaintiff, attend the medical examination, and record the medical examination (by audio or note taking), but will, in no way, interfere, or in any way participate in the medical examination. Failure to advise counsel of any objection thereto, will result in a motion to bar testify filed with the Court.

32. Within thirty (30) days of Plaintiff's defense independent medical examination, produce a copy of all notes taken by the independent medical examining doctor and his staff if the independent medical examining doctor, or his staff takes notes. Destruction of the notes will constitute spoliation of evidence. All available remedies for spoliation of evidence by the examining doctor, will be pursued by the Plaintiff.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-001081-21

**Case Caption:** STAFFIN BETH VS SUPER STOP & SHOP #0 802
**Case Initiation Date:** 02/19/2021
**Attorney Name:** NICHOLAS J LEONARDIS
**Firm Name:** STATHIS & LEONARDIS
**Address:** 32 SOUTH MAIN STREET
EDISON NJ 088370000
**Phone:** 7324940600
**Name of Party:** PLAINTIFF : STAFFIN, BETH
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** BETH STAFFIN? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category:** Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/19/2021                                                                                  /s/ NICHOLAS J LEONARDIS
Dated                                                                                                         Signed

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010